
1 | **AEGIS LAW FIRM, PC**
2 | SAMUEL A. WONG, State Bar No. 217104
3 | KASHIF HAQUE, State Bar No. 218672
  | JESSICA L. CAMPBELL, State Bar No. 280626
4 | jcampbell@aegislawfirm.com
  | KRISTY R. CONNOLLY, State Bar No. 328477
5 | Kconnolly@aegislawfirm.com
6 | 9811 Irvine Center Drive, Suite 100
  | Irvine, California 92618
7 | Telephone: (949) 379-6250
8 | Facsimile:  (949) 379-6251
9 | Attorneys for Plaintiff Lisa Martinez, individually, and on behalf of all others similarly situated.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| LISA MARTINEZ, individually and on behalf of all others similarly situated, | Case No. 3:22-cv-00813-WQH-MDD |
|---|---|
| Plaintiffs, | Hon. William Q. Hayes |
| v. | **PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |
| PUBLIC CONSULTING GROUP, INC.; and DOES 1 through 20, inclusive, | Date: August 8, 2022 |
| Defendants. | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT.** |

Case No. 3:22-cv-00813-WQH-MDD

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT ON August 8, 2022, or as soon thereafter as counsel may be heard by the Honorable William Q. Hayes in Courtroom 14B of the above-entitled Court, Plaintiff Lisa Martinez ("Plaintiff") will and hereby does move the Court for an Order remanding the above-entitled action to the Superior Court for the State of California, County of San Diego, where the underlying action was initiated.

This Motion is being made pursuant to 28 U.S.C. §1447(c), on the ground that Defendant Public Consulting Group, LLC, erroneously sued as Public Consulting Group, Inc. ("Defendant"), has failed to demonstrate that the amount in controversy exceeds $5 million to afford federal jurisdiction under the Class Action Fairness Act.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Court's files and records herein, and upon such further papers and argument as may be presented to the Court prior to and at the hearing.

Dated: June 24, 2022            **AEGIS LAW FIRM, PC**

By: *(signature)* Kristy Connolly
Kristy R. Connolly
Attorneys for Plaintiff Lisa Martinez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Lisa Martinez ("Plaintiff") filed this class action where it belongs—in state court. Although Defendant Public Consulting Group, LLC, erroneously sued as Public Consulting Group, Inc. ("Defendant") removed this case to federal court, they failed to meet their burden to prove or even plausibly allege that the amount in controversy exceeds $5 million as required by the Class Action Fairness Act of 2005 ("CAFA"). Instead, Defendants based their removal on their wholly unsupported assumption of violation rates to reach the amount in controversy. Accordingly, the Court should grant the instant Motion and remand the action to the Superior Court of California, County of San Diego.

## II. PROCEDURAL HISTORY

On April 1, 2022, Plaintiff filed this case in San Diego County Superior Court. Docket No. 1-2, Ex. A. Plaintiff's Complaint alleges: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest periods; (5) failure to reimburse business expenses; (6) failure to provide accurate itemized wage statements; (7) failure to pay wages timely during employment; (8) failure to pay all wages due upon separation of employment; and (9) unfair business practices. *Id.*

On June 6, 2022, Defendant filed a Notice of Removal ("NOR") alleging federal jurisdiction under CAFA. *See* Docket No. 1 ("NOR").

## III. DEFENDANT HAS THE BURDEN OF ESTABLISHING REMOVAL IS PROPER

Defendant bears the burden of establishing that removal is proper. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). In a CAFA case, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1995) (noting that the removing party must present "competent proof" of grounds for removal).

## IV. DEFENDANT FAILED TO PROVE THAT THE AMOUNT IN CONTROVERSY FOR THE CLASS ACTION CLAIMS EXCEEDS $5 MILLION

In a CAFA case, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold . . . [and] need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549, 190 L. Ed. 2d 495 (2014). However, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibarra,* 775 F.3d at 1197. "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions

underlying the defendant's theory of damages exposure." *Id.* at 1198. The Ninth Circuit has made clear that assumptions underlying a defendant's amount in controversy calculation "cannot be pulled from thin air," and must be "grounded in real evidence." *Id.* at 1199.

Defendant has made assumptions that are unsupported by the allegations in the Complaint or by any evidence. Defendant assumes every class member suffered every violation for all of Plaintiff's claims at all times without providing evidence of any kind to substantiate its theory. *See* NOR, ¶¶ 25-42. Courts have rejected this kind of assumption and held that "[a] declaration stating the number of employees who worked for Defendant during the years prior to this action, together with assumptions about these employees, is not sufficient to establish that it is more likely than not that the amount in controversy in this case exceeds $5 Million." *Karlbom v. EDS,* No. 13cv2996–WQH–DHB, 2014 WL 1600490, at *6 (S.D. Cal. April 17, 2014); *see also Martinez v. Morgan Stanley & Co., Inc.*, 2010 WL 3123175, at * 6 (S.D. Cal. Aug. 9, 2010) (rejecting defendant's calculation of meal and rest period violations, waiting time penalties, and wage statement penalties because the variables were not clearly suggested by the complaint or supported by the evidence); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1118-26 (C.D. Cal. 2010) (finding that defendants' calculations improperly presumed that there was a violation as to each class members even though the complaint contained "[s]tatements suggesting that overtime violations, missed meal periods, untimely

payment of wages, and/or provision of inaccurate wage statements occurred regularly and/or consistently or even often") (internal quotations omitted).

More specifically, Defendant assumes that: (1) every single class member experienced one hour of unpaid overtime *every* week without any evidence; (2) every single class member experienced *two* meal period and *two* rest period violations *every* week without providing any evidence as to whether all class members worked sufficient hours to qualify for meal and rest periods every week; (3) every single class member incurred unreimbursed business expenses *every week* without any evidence; (4) every single wage statement provided in the liability period is inaccurate without any evidence; and (5) every single terminated employee is owed maximum waiting time penalties without putting forward any evidence that all terminated employees worked full-time. *See* NOR, ¶¶ 25-42. Defendant has not come forward with any evidence supporting its assumptions that 100% of class members were subject to wage and hour violations on 100% of workweeks. *See, e.g., Sanders v. Old Dominion Freight Line, Inc.*, No. 16-cv-2837-CAB-NLS, 2017 WL 5973566 at *4, (S.D. Cal. Feb. 2, 2017) (granting motion to remand and noting that "without evidence to support this violation rate, the use of a 50% violation rate (or virtually any violation rate for that matter) is completely arbitrary and little more than speculation and conjecture"). Defendant's speculative calculations should be disregarded.

Defendant also wants this Court to take a position that the attorneys' fees in

this case could amount up to $1,057,658. NOR, ¶ 44. However, in determining the amount in controversy with respect to a federal court's jurisdiction, the amount of attorneys' fees can be considered only where "a statute authorizes fees to a successful litigant." *See Galt G/S International, Inc.*, 142 F.3d 1150, 1155 (9th Cir. 1982). Courts have held that claims for meal and rest period premiums do not entitle a successful plaintiff to attorneys' fees. *See Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1248 (2012). Similarly, courts have held that attorneys' fees are not recoverable for waiting time penalties. *See, e.g., Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242, 1260-61 (2016). As such, Defendant's estimate of attorneys' fees must be disregarded.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion and remand this action to the Superior Court of California, County of San Diego.

Dated:  June 24, 2022                               **AEGIS LAW FIRM, PC**

By: _____
Kristy R. Connolly
Attorneys for Plaintiff Lisa Martinez